UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CATELIN CLOBES, | Case No. 21-CV-2117 (PJS/JFD) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| NBCUNIVERSAL MEDIA, LLC.; BRANDY ZADROZNY; and ALIZA NADI, | |
| Defendants. | |

Plaintiff Catelin Clobes filed her Complaint in this case on September 24, 2021, alleging that Defendants had published a false and defamatory article about her, and seeking damages. (Dkt. No. 1.) Summonses issued as to all three Defendants on September 27, 2021. (Dkt. No. 4.) Plaintiff, despite two Orders of this Court directing her to file proof of service, has not done so as to the individual Defendants Brandy Zadrozny (identified by Plaintiff as a senior reporter for NBC News), and Aliza Nadi (identified by Plaintiff as a producer at NBC News). The Court therefore recommends that Plaintiff's Complaint be dismissed without prejudice as to Defendants Zadrozny and Nadi for failure to diligently prosecute this case, specifically, failure to serve the individual defendants within the time set by Federal Rule of Civil Procedure 4(m).

Once a plaintiff files their complaint, Federal Rule of Civil Procedure 4(m) requires that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss

>the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.") *Jenni v. DMV-Moorhead*, No. 20-CV-01600 (ECT/LIB), 2022 WL 138525, at *3 (D. Minn. Jan. 14, 2022) (quoting Fed. R. Civ. P. 4(c)(1)). When a plaintiff fails to diligently prosecute their case—including when they fail to effect timely service on a defendant—courts have inherent power to dismiss the action for failure to prosecute. *See Miantona v. Wal-Mart Stores, Inc.*, No. 19-CV-98 (DSD/TNL), 2019 WL 3432620, at *1 (D. Minn. June 28, 2019) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary . . . to prevent undue delays . . . and to avoid [District Court calendar] congestion.")), *R. & R. adopted*, No. 19-CV-0098 (DSD/TNL), 2019 WL 3429090 (D. Minn. July 30, 2019).

Here, pursuant to Rule 4(m), Plaintiff was required to serve a Summons and Complaint upon each Defendant on or before December 23, 2021. Seeing that no proof of service had been filed on CM/ECF, the Court, on December 30, 2021, ordered Plaintiff to file either (1) proof of service of the Summons and Complaint or (2) a waiver of service on CM/ECF. (Dec. 30 Order at 1–2, Dkt. No. 8.) In response, Plaintiff then filed proof of service on January 7, 2022, but on Defendant NBCUniversal only (Dkt. No. 9). Plaintiff did not file proof of service on Defendants Zadrozny or Nazi. In a scheduling stipulation

between Plaintiff and Defendant NBCUniversal filed on January 11, 2022, Plaintiff admitted that she "ha[d] not yet served individual Defendants Brandy Zadrozny and Aliza Nadi with the Summons and Complaint." (Stipulation at 1 n.1, Dkt. No. 11.)

Observing that Plaintiff had only partially complied with its December 30 Order, on January 21, 2022, the Court again ordered Plaintiff to (1) file proof of service of the Summons and Complaint on Defendants Zadrozny and Nadi within 10 days of the Order's issuance date; (2) notify Defendants Zadrozny and Nadi or their counsel immediately that they were required to answer or otherwise respond to the Complaint; and (3) file the above notice on CM/ECF. (Jan. 21 Order at 1–2, Dkt. No. 18.)

It is now February 9, 2022, meaning Plaintiff has had 138 days since filing her Complaint to effect service on Defendants Zadrozny and Nadi. Plaintiff has filed neither proof of service of the Summons and Complaint on either of these Defendants, nor proof of her notice to these Defendants or their counsel that they are required to answer or respond to the Complaint, despite two Orders by this Court to do so. (*See* Dec. 30 Order; Jan. 21 Order.) Plaintiff was duly warned that failure to comply with the Court's December 30 and January 21 Orders could result in dismissal for failure to prosecute. The ten days Plaintiff was granted in this Court's January 21 Order expired nine days ago. (Jan. 21 Order at 1–2.)

As described above, Rule 4(m) requires that, when a plaintiff's 90 days to serve a defendant has expired, the action must be dismissed without prejudice or plaintiff must be ordered to complete service within a specified time. Fed. R. Civ. P. 4(m). To determine if a plaintiff should be ordered to complete service within a specified time, courts ask whether

3

the plaintiff has demonstrated good cause for their failure to effect service within the required deadline. *See Jenni*, 2022 WL 138525, at *3. Here, Plaintiff has not communicated to this Court the reason for her failure to comply with its December 30 and January 21 Orders to effect service on Defendants Zadrozny and Nadi. In light of the history recounted in this Report and Recommendation, the Court finds that issuing a third Order setting Plaintiff yet another specified deadline by which to effect service upon all Defendants would be futile. Therefore, because the Court finds that Plaintiff has not served Defendants Zadrozny and Nadi within the limits set by Federal Rule of Civil Procedure 4(m), has not attempted to show good cause for not doing so, and because there is nothing in the record that indicates that good cause exists, the Court recommends dismissal without prejudice of the Complaint as to these two Defendants pursuant to Fed. R. Civ. P. 4(m).

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this Complaint be **DISMISSED WITHOUT PREJUDICE** as to Defendants Brandy Zadrozny and Aliza Nadi.


Dated: February 9, 2022                        *s/ John F. Docherty*
                                               JOHN F. DOCHERTY
                                               United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days

5

after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).