UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CATELIN CLOBES,<br><br>    Plaintiff,<br><br>v.<br><br>NBCUNIVERSAL MEDIA, LLC.;<br>BRANDY ZADROZNY; AND<br>ALIZA NADI,<br><br>    Defendants. | Case No. 21-CV-2117 (PJS/JFD)<br><br><br>**ORDER TO AMEND THE<br>PLEADINGS TO SUFFICIENTLY<br>ALLEGE FEDERAL SUBJECT-<br>MATTER JURISDICTION** |

The Court *sua sponte* issues this Order concerning the basis for this Court's federal subject-matter jurisdiction in this action. For the following reasons, the Court orders Plaintiff, within 14 days, to file a First Amended Complaint that alleges with specificity the citizenship of each party at the time of this action's commencement. If Plaintiff fails to do so, this Court will recommend dismissal of this action for lack of subject-matter jurisdiction.

Plaintiff Catelin Clobes filed her Complaint in this case on September 24, 2021, alleging that Defendants had published a false and defamatory article about her, and seeking damages. (Compl., Dkt. No. 1.) She alleges that diversity jurisdiction exists pursuant to Title 28 U.S.C. § 1332 for this action. (*Id.* ¶ 45 (citing 28 U.S.C. § 1332 (setting out the requirements for a federal court to sit in diversity jurisdiction, including that "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]")).) Plaintiff alleges diversity jurisdiction exists in this action because:

she "is a citizen of the State of Minnesota"; Defendant NBCUniversal Media, LLC ("NBCUniversal") "is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York"; Defendants Brandy Zadrozny and Aliza Nadi are "a senior reporter" and "a producer at NBC News[,]" respectively; "[t]he parties are citizens of different States"; and "[t]he amount in controversy exceeds the sum of $75,000[.]" (Compl. ¶¶ 34–37, 45.)

Because the record shows that Plaintiff has not served the Summons and Complaint upon Defendants Zadrozny and Nadi pursuant to Federal Rule of Civil Procedure 4(m), the Court has separately recommended that Plaintiff's Complaint be dismissed without prejudice as to those two Defendants for Plaintiff's failure to effect service within Fed. R. Civ. P. 4's deadline. (*See* R. & R., Dkt. No. 19.)

Subject-matter jurisdiction is a threshold requirement for federal-court litigation; where it is lacking, a federal court cannot proceed with an action. *See, e.g.*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998)).

Furthermore, it is a plaintiff's burden to show that subject-matter jurisdiction exists. *See, e.g.*, *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011) (citing *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). Under Rule 8 of the Federal Rules of Civil Procedure, a "pleading that states a claim for relief"—such as the Complaint—"must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiff contends that this Court has subject-matter jurisdiction over this action based on Title 28 U.S.C. § 1332

(diversity of citizenship jurisdiction). (Compl. ¶ 45.) The Court concludes that, as currently pleaded, Plaintiff's Complaint fails to sufficiently allege this Court's subject-matter jurisdiction.

In relevant part, Title 28 U.S.C. § 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Diversity jurisdiction demands "complete diversity": each defendant must be a citizen of a different state from each plaintiff. *See, e.g., Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)).

For the pleadings to establish diversity, a plaintiff "must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (citation omitted). NBCUniversal is a limited liability company. "[F]or purposes of diversity jurisdiction, a limited-liability company ('LLC') takes the citizenship of all of its members and 'sub-members' and 'sub-sub-members.'" *Key Enterprises, LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013). Merely alleging where an LLC is located or headquartered is insufficient. *See Grover-Tsimi v. American Laser Centers, LLC*, 2010 WL 550973, *1 (D. Minn. 2010). "When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." *Barclay Square Properties*, 893 F.2d at 969 (citing *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988)). "'[B]ecause a

3

member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each "sub-member" as well[,]'" if any. *Fifth Third Mortg. Co. v. Lamey*, No. 12-CV-2923 (JNE/TNL), 2012 WL 5936055, at *1 (D. Minn. Nov. 27, 2012) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

Given the instant Complaint's allegations about the parties (*see* Compl. ¶¶ 34–37), complete diversity has not been established. Plaintiff's allegation that Defendant NBCUniversal "is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York" fails to provide the citizenship of each of NBCUniversal's members. (*Id.* ¶ 35.) It is likewise insufficient for Plaintiff to allege that Defendants Zadrozny and Nadi are employed as "a senior reporter" and "a producer at NBC News," respectively. (*Id.* ¶¶ 36–37.) The Court may not take Plaintiff at her word, based on these allegations, that "[t]he parties are citizens of different States." (*Id.* ¶ 45.) In sum, Plaintiff has neither alleged with specificity the citizenship of Defendant NBCUniversal's members, nor the citizenship of Defendants Zadrozny or Nadi. Having failed to allege each party's citizenship with the required specificity, Plaintiff does not satisfy her burden of alleging diversity jurisdiction.

In response to Plaintiff's Complaint, Defendant NBCUniversal timely filed its Motion to Dismiss (Dkt. No. 20). NBCUniversal seeks dismissal on several grounds, none of them lack of subject-matter jurisdiction. In a section of NBCUniversal's Memorandum in Support of its Motion to Dismiss that is devoted to an argument that Plaintiff's claims fall outside the statute of limitations, NBCUniversal writes, "Under this controlling Eighth

Circuit precedent, where federal jurisdiction is based on diversity, as it is here, 'Minnesota's substantive law, including its statute of limitations, applies.'" (Def.'s Mem. Supp. Mot. Dismiss at 9, Dkt. No. 21 (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 866 (8th Cir. 2000)).) This is no more than a statement of black letter *Erie v. Tompkins*[1] principles, not a concession that diversity jurisdiction exists in this case. There are no other references to diversity jurisdiction in NBCUniversal's 31-page Memorandum in Support of its Motion. Even if this solitary statement could be construed as a concession that diversity jurisdiction exists, that concession would not bind this Court, because federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 609 (8th Cir. 2018) (citing *Arbaugh*).

When a pleading fails to adequately allege diversity jurisdiction, courts have the discretion to allow an amendment. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *see also Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir. 1998). The Court will follow that path here.

Accordingly, **IT IS HEREBY ORDERED** that:

    1.    Plaintiff shall, **within fourteen days of the date of this Order**, file a First Amended Complaint that alleges with specificity the citizenship

---

[1] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

of each party at the time that Plaintiff commenced this action, including the citizenship of each of NBCUniversal LLC's members (*see Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 574–75 (2004) (citing *Conolly v. Taylor*, 27 U.S. 556, 565 (1829)) (stating the longstanding principle that jurisdiction depends upon the citizenship of each party at the time that a plaintiff commences their suit); and

2. If Plaintiff does not comply with this Order, the Court will recommend dismissal of this action for lack of subject-matter jurisdiction.

Dated: February 15, 2022              <u>s/ *John F. Docherty*</u>
                                       JOHN F. DOCHERTY
                                       United States Magistrate Judge