## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| CATELIN CLOBES, | Case No. 21-CV-2117 (PJS/JFD) |
| Plaintiff, | |
| v. | |
| NBCUNIVERSAL MEDIA, LLC, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

This matter comes before the Court on Plaintiff Catelin Clobes's failure to comply with this Court's February 15, 2022 Order. (Dkt. No. 26.) In that Order, the Court required Plaintiff to file an amended complaint alleging with specificity the citizenship of each party. (*Id.* at 1–2.) Plaintiff was given 14 days in which to comply. (*Id.*) It has now been 21 days since the Court's February 15 Order, and Plaintiff has failed to file an amended complaint adequately alleging the single remaining Defendant's citizenship. For the following reasons, the Court recommends dismissal of this action without prejudice for lack of subject-matter jurisdiction.

Plaintiff Catelin Clobes filed her Complaint in this case on September 24, 2021, alleging that Defendant had published a false and defamatory article about her, and seeking damages. (Compl., Dkt. No. 1.) She alleges that diversity jurisdiction exists pursuant to Title 28 U.S.C. § 1332 for this action. (*Id.* ¶ 45 (citing 28 U.S.C. § 1332 (setting out the requirements for a federal court to sit in diversity jurisdiction, including that "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different

States[.]")).) Plaintiff alleges diversity jurisdiction exists in this action because: she "is a citizen of the State of Minnesota" and Defendant NBCUniversal Media, LLC ("NBCUniversal") "is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York." (Compl. ¶¶ 34–35.) She alleges that "[t]he parties are citizens of different States" and "[t]he amount in controversy exceeds the sum of $75,000[.]" (*Id.* ¶ 45.)

Subject-matter jurisdiction is a threshold requirement for federal-court litigation; where it is lacking, a federal court cannot proceed with an action. *See, e.g.*, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998)). Federal courts have an obligation to inquire into subject-matter jurisdiction, even if no party raises the issue. *See Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 609 (8th Cir. 2018) (citing *Arbaugh*)*; Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (citation omitted). Furthermore, it is a plaintiff's burden to show that subject-matter jurisdiction exists. *See, e.g.*, *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011) (citing *Green Acres Enters., Inc. v. United States*, 418 F.3d 852, 856 (8th Cir. 2005)). Under Rule 8 of the Federal Rules of Civil Procedure, a "pleading that states a claim for relief"—such as the Complaint—"must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiff contends that

this Court has subject-matter jurisdiction over this action based on Title 28 U.S.C. § 1332. (Compl. ¶ 45.) The Court concludes that, on the facts alleged, no such jurisdiction exists.

In relevant part, Title 28 U.S.C. § 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Diversity jurisdiction demands "complete diversity": each defendant must be a citizen of a different state from each plaintiff. *See, e.g., Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)).

To establish diversity, a plaintiff "must set forth with specificity the citizenship of the parties" in their pleadings. *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (citation omitted). "[F]or purposes of diversity jurisdiction, a limited-liability company ('LLC') takes the citizenship of all of its members and 'sub-members' and 'sub-sub-members.'" *Key Enterprises, LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013). Merely alleging where an LLC is located or principally conducts business is insufficient. *See Grover-Tsimi v. American Laser Centers, LLC*, No. 09-2729 (DSD/JJK), 2010 WL 550973, at *1 (D. Minn. 2010). "When one of the parties to the action is a limited partnership, the citizenship of each general and limited partner must be considered in determining whether complete diversity of citizenship exists." *Barclay Square Properties*, 893 F.2d at 969 (citing *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988)). "'[B]ecause a member of a limited liability company may itself have multiple members—

and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each "sub-member" as well[,]'" if any. *Fifth Third Mortg. Co. v. Lamey*, No. 12-CV-2923 (JNE/TNL), 2012 WL 5936055, at *1 (D. Minn. Nov. 27, 2012) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

The Court earlier dismissed without prejudice Plaintiff's Complaint (Dkt. No. 1) as to Defendants Brandy Zadrozny and Aliza Nadi. (Order on R. & R., Dkt. No. 27). NBCUniversal is the only remaining Defendant in this action.

Given the instant Complaint's allegations about the parties (*see* Compl. ¶¶ 34–35), complete diversity has not been established. Plaintiff's allegation that Defendant NBCUniversal "is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York" fails to provide the citizenship of each of NBCUniversal's members. (*Id.* ¶ 35.) Although this Court provided Plaintiff with an opportunity to amend her complaint to remedy this pleading error, Plaintiff has not properly alleged this Court's subject-matter jurisdiction as to NBCUniversal. Since NBCUniversal is the only Defendant remaining, and Plaintiff has not sufficiently alleged subject-matter jurisdiction as to NBCUniversal, the Court therefore recommends dismissal of this action for lack of subject-matter jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice** for lack of subject-matter jurisdiction; and

4

    2.       Judgement be entered accordingly.


Dated: March 8, 2022                         *s/ John F. Docherty*
                                                   JOHN F. DOCHERTY
                                                   United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).