**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CATELIN CLOBES,                                          Case No. 21-CV-2117 (PJS/JFD)

        Plaintiff,

v.                                                                               **ORDER**

NBCUNIVERSAL MEDIA, LLC,

        Defendant.

---

This matter comes before the Court on Plaintiff Catelin Clobes's Amended Complaint (Dkt. No. 29), which was filed on March 9, 2022. The Amended Complaint is inoperative for several reasons and will be marked as filed in error.

If Plaintiff filed the Amended Complaint in response to this Court's Order of February 15, 2022 (Dkt. No. 26), that Order required an amended complaint to be filed within 14 days, or by March 1. Plaintiff's Amended Complaint was therefore filed more than a week late, without requesting or obtaining an extension of time.

If Plaintiff filed the Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), it is inoperative. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). More than 21 days have passed since Plaintiff served the original Complaint, and more than 21 days have passed since Defendant filed a motion to dismiss under Rule 12.

Therefore, Plaintiff was not entitled to file the Amended Complaint as a matter of right. Federal Rule of Civil Procedure 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Plaintiff has not shown she obtained Defendant's written consent or obtained the Court's leave.

The Amended Complaint suffers from an additional deficiency: It does not establish the Court's subject-matter jurisdiction. Subject-matter jurisdiction is allegedly founded on diversity. (Am. Compl. ¶ 48.) In the Court's February 15 Order, the Court advised Plaintiff that she must affirmatively allege the citizenship of Defendant. A limited liability company ("LLC"), such as Defendant, "takes the citizenship of all of its members and 'sub-members' and 'sub-sub-members.'" *Key Enterprises, LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013). Merely alleging where an LLC is located or principally conducts business is insufficient. *See Grover-Tsimi v. American Laser Centers, LLC*, No. 09-2729 (DSD/JJK), 2010 WL 550973, at *1 (D. Minn. 2010). The complaint must affirmatively plead the citizenship of each member of the LLC.

The Amended Complaint alleges that Defendant is an LLC "organized and existing under the laws of the State of Delaware with its principal place of business in New York. A search of publicly available information was conducted. After conducting the search, upon information and belief, the LLC. Members [sic] are not citizens of the State of Minnesota." (Am. Compl. ¶ 38.) The Amended Complaint additionally alleges that "the parties are citizens of different States." (Am. Compl. ¶ 48.) These allegations do not

identify the state or states of citizenship of each of Defendant's members, and thus do not establish diversity jurisdiction.

Nor does Plaintiff's averment that "upon information and belief" no member of NBCUniversal, LLC is a citizen of Minnesota suffice to establish diversity jurisdiction. "Until an attorney acquires some information about the identity and citizenship of an LLC's members, that attorney should not represent to a court—even 'upon information and belief'—that the (unidentified) members of the LLC are or are not citizens of a particular state." *Key Enterprises*, 2013 WL 353911, at *2. There are numerous other cases within the Eighth Circuit that hold consistently with *Key Enterprises*. *See, e.g., City of Webster Groves v. CCATT LLC*, No. 4:18CV1910RLW, 2019 WL 4169848, at *2 (E.D. Mo. Sept. 3, 2019) (requiring the citizenship of an LLC's members to be pleaded with more specificity than "upon information and belief"); *Lee v. Victor Techs. Int'l, Inc.*, No. 5:13-CV-05172, 2014 WL 12638872, at *3 (W.D. Ark. Jan. 21, 2014) (same). Consequently, even if the Amended Complaint were properly filed, the Court still would not have subject-matter jurisdiction over the case.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Catelin Clobes's Amended Complaint (Dkt. No. 29) is **INOPERATIVE**, and the Clerk's Office shall mark it as **FILED IN ERROR**; and

3

2.  The Court's Report and Recommendation recommending dismissal of this

case for lack of subject-matter jurisdiction (Dkt. No. 28) remains operative,

with an objection period that expires on March 22, 2022.

Date: March 11, 2022                          s/ John F. Docherty
                                              JOHN F. DOCHERTY
                                              United States Magistrate Judge