UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CATELIN CLOBES, | Case No. 21-CV-2117 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| NBCUNIVERSAL MEDIA, LLC, | |
| Defendant. | |

James Mermigis, THE MERMIGIS LAW GROUP, P.C.; Marjorie J. Holsten, HOLSTEN LAW OFFICE, for plaintiff.

Leslie Minora and Leita Walker, BALLARD SPAHR LLP, for defendant.

Plaintiff Catelin Clobes brought this action against defendant NBCUniversal Media, LLC ("NBC") for defamation and related torts. NBC has moved to dismiss, arguing that all of Clobes's claims are barred by the statute of limitations. The Court agrees and grants NBC's motion.

I. BACKGROUND

Clobes alleges that she was injured by a defamatory article published by NBC on September 24, 2019. *See* Second Am. Compl. ¶¶ 1–2 [ECF No. 36]. Exactly two years after publication of the article—that is, on September 24, 2021—Clobes filed this lawsuit, *see* Compl. [ECF No. 1], but she did not serve the summons and complaint on NBC until December 23, 2021. *See* Aff. of Service [ECF No. 9]. Clobes later filed and served an

amended complaint and then a second amended complaint, and NBC responded by filing the pending motion to dismiss. As noted, NBC argues that all of Clobes's claims are barred by the statute of limitations.

## II. ANALYSIS

### A. Standard of Review

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Du Bois v. Bd. of Regents*, 987 F.3d 1199, 1202 (8th Cir. 2021). A motion to dismiss based on a statute of limitations will not ordinarily be granted "unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008)). To determine whether a "complaint is self-defeating based on a statute of limitations," a court must identify the relevant limitations period, the date on which the plaintiff's claims accrued, and the date on which the action was commenced. *Int'l Decision Sys., Inc. v. JDR Sols., Inc.*, No. 18-CV-2951 (ECT/DTS), 2019 WL 2009249, at *3 (D. Minn. May 7, 2019).

### B. Statute of Limitations

In this diversity action, "Minnesota's substantive law, including its statute of limitations, applies." *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 866 (8th Cir. 2000).

Minnesota's substantive law includes Minnesota's rules about when a claim accrues and when a lawsuit is commenced, because those rules "are 'part and parcel of the statute of limitations.'" *Id.* at 867 (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752 (1980)).

Under Minnesota law:

(1) defamation claims (and claims, such as Clobes's, that arise from defamation[1]) are subject to a two-year statute of limitations, Minn. Stat. § 541.07(1);

(2) a cause of action for defamation accrues "when the defamatory matter is published to a third party," *Wild v. Rarig*, 234 N.W.2d 775, 794 (Minn. 1975); *see also Rassier v. Sanner*, 996 F.3d 832, 838 (8th Cir. 2021) (noting that, under Minnesota law, defamation claims "accrue on the date of the tortious act"); and

---

[1] Clobes has sued not only for defamation, but for "Emotional Distress" and "Reasonable Care." Second Am. Compl. ¶¶ 83–92. These additional claims are subject to the same statute of limitations as her defamation claim because, regardless of how these claims are labeled, they assert the "[same] thing done to cause any damage" and thus are "essentially a part of [Clobes's] cause of action for defamation." *Wild v. Rarig*, 234 N.W.2d 775, 793 (Minn. 1975); *see also Fredin v. City Pages*, No. 19-cv-472 (DWF/TNL), 2020 WL 3064721 (D. Minn. May 19, 2020) ("[I]f a claim 'stems from' or 'grew out of the defamation,' the defenses available to a defendant in a defamation action, including the defamation statute of limitations, apply equally to that claim." (quoting *Wild*, 234 N.W.2d at 793)), *adopted* 2020 WL 3062537 (D. Minn. June 9, 2020).

(3) a civil action is commenced against a defendant "when the summons is served upon that defendant," Minn. R. Civ. P. 3.01(a).

None of these rules is in dispute, and under these rules it is clear that Clobes's lawsuit is barred. Clobes's cause of action accrued on September 24, 2019 (when NBC published the allegedly defamatory article), and she did not commence her lawsuit for purposes of Minnesota law until December 23, 2021 (when she served her summons and complaint), which was more than two years later.

Clobes argues, however, that her lawsuit is not barred because the two-year limitations period was tolled by a session law passed by the Minnesota Legislature in response to the COVID-19 pandemic. In April 2020, the Minnesota Legislature enacted a session law containing a series of COVID-19 measures, including a provision affecting the running of statutes of limitations. *See* 2020 Minn. Laws ch. 74, art. 1, § 16 ("Section 16"). Specifically, Section 16 provided:

> The running of deadlines imposed by statutes governing proceedings in the district and appellate courts, including any statutes of limitations or other time periods prescribed by statute, is suspended during the peacetime emergency declared on March 13, 2020 . . . and for 60 days after the end of the peacetime emergency declaration. . . .
>
> This section . . . applies to all deadlines that had not expired as of March 13, 2020, or were triggered on or after that date.

*Id.*

Section 16 was not crystal clear. As Clobes reads it, however, Section 16 tolled the running of the statute of limitations until 60 days after the end of the peacetime emergency. In other words, according to Clobes, she had as much time left to commence her lawsuit on the 60th day following the end of the peacetime emergency as she did on March 13, 2020. *See Goodman v. Best Buy, Inc.*, 777 N.W.2d 755, 759–60 (Minn. 2010) (discussing "suspension-of-the-clock" interpretation of tolling provision in comparison to alternative tolling mechanisms).

Clobes's reading of Section 16 is certainly reasonable. Although Section 16 did not use the term "toll," its use of the phrase "[t]he running of deadlines . . . is suspended" seemed to toll the running of all statutes of limitations until the 60th day following the end of the peacetime emergency. 2020 Minn. Laws ch. 74, art. 1, § 16.

The problem for Clobes, though, is that her argument depends on the *original* version of Section 16. Unfortunately for Clobes, the original version of Section 16 was abrogated long before she commenced her lawsuit. Specifically, on February 12, 2021, the Legislature replaced the original version of Section 16 with the following:

> Deadlines imposed by statutes governing proceedings in the district and appellate courts, including any statutes of limitations or other time periods prescribed by statute, shall not expire from the beginning of the peacetime emergency declared on March 13, 2020 . . . through April 15, 2021. . . .

> This section . . . applies to all deadlines that had not expired as of March 13, 2020, and that would have expired during the period starting March 13, 2020, and ending April 15, 2021.

2021 Minn. Laws ch. 3, § 1.

In short, the new Section 16 affects only limitations periods that were set to *expire* between March 13, 2020 and April 15, 2021 and provides simply that those limitations periods are extended to April 15, 2021. *Cf. Peckman v. Roseau River Watershed Dist.*, A21-1496, 2022 WL 2794042, at *2–3 (Minn. Ct. App. July 18, 2022) (applying April 15, 2021 deadline to appeal period that would ordinarily have expired on September 4, 2020, without addressing argument for alternative interpretation of Section 16's effect). But Clobes's limitations period was not set to expire between March 13, 2020 and April 15, 2021, and thus the new Section 16 has nothing to do with her lawsuit.

It appears that in February 2021, after a vaccine for COVID-19 became available and courts began to return to normal operations, the Legislature changed its mind about how statutes of limitations should be treated in light of the pandemic. The Legislature's change of mind did not, however, deprive any prospective litigant of her ability to commence a lawsuit. Even if a litigant had not commenced her lawsuit before the original limitations period expired in reliance on the original Section 16, the new Section 16 (enacted on February 12, 2021) gave her more than 60 days to commence her lawsuit before the April 15, 2021 deadline.

Clobes's situation was even more favorable. On February 12, 2021, Clobes still had more than *seven months* to commence her lawsuit against NBC before her limitations period expired on September 24, 2021. In other words, after the Minnesota Legislature amended Section 16 on February 12, 2021, Clobes was in exactly the same position as she was in when she was allegedly defamed on September 24, 2019: She had until September 24, 2021 to commence her lawsuit. For reasons known only to Clobes and her attorneys, she failed to do so, and thus her lawsuit must be dismissed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss [ECF No. 38] is GRANTED; and
2. Plaintiff's Second Amended Complaint [ECF No. 36] is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 27, 2023     s/Patrick J. Schiltz
                              Patrick J. Schiltz, Chief Judge
                              United States District Court